## Richmond

BETTY L. YOUNG v. ANTONY A. G. YOUNG.

April 24, 1972.

Record No. 7674.

Present, All the Justices.

*Wm. Rosenberger, Jr.*, for appellant.

*Edward S. Graves* (*Edmunds, Williams, Robertson, Sackett, Baldwin & Graves*, on brief), for appellee.

Per Curiam.

Antony A. G. Young brought this suit for a divorce from his wife, Betty L. Young, on the ground of desertion. The wife alleged in her cross-bill that the husband had deserted her and she asked for custody of their two children with a sufficient allowance for their support, and for separate maintenance for herself. After the chancellor held, in a written opinion, that the husband had not proved desertion on the part of the wife and that the wife was not entitled to separate maintenance since she had contributed materially to the breakup of the marriage, the husband filed an amended bill seeking a no-fault divorce on the ground that the parties had lived separate and apart for two years, under the provisions of Code § 20-91(9), as amended, 1960 Repl. Vol. Thereafter, the chancellor granted the husband a no-fault divorce, awarded the custody of the children to the wife with a sum sufficient for their support, and denied the wife alimony.

The wife contends that the chancellor erred in denying her alimony.

We have held in effect that when a divorce is granted under Code § 20-91(9), the husband is not relieved of his obligation to support his wife unless it is shown that the separation was caused by her fault or misconduct. *Mason* v. *Mason,* 209 Va. 528, 165 S.E.2d 392 (1969). The fault or misconduct which would deprive a wife of alimony when a no-fault decree is awarded the husband must be such as to constitute grounds for a divorce under some other provision of Code § 20-91. See *Guy* v. *Guy,* 210 Va. 536, 539, 172 S.E.2d 735, 737-38 (1970); Code § 20-91(9), as amended.

Since the chancellor held that the wife's fault or misconduct was not sufficient to entitle the husband to a divorce on the ground of desertion, and the decree entered was not predicated on the wife's fault or misconduct, that part of the decree denying alimony to the wife is set aside and annulled and the cause is remanded to the court below to determine the amount of alimony to be awarded the wife, based on her need and the husband's ability to pay. See *Lancaster* v. *Lancaster,* 212 Va. 127, 183 S.E.2d 158 (1971).

*Reversed and remanded.*