## Richmond

### DALE F. ROWAND V. CASSANDRA N. ROWAND.

December 2, 1974.

Record No. 730754.

Present, All the Justices.

*William B. Smith (Owen, Guy, Rhodes & Betz, on brief), for appellant.*

*Grover C. Wright, Jr.,* for appellee.

Carrico, J., delivered the opinion of the court.

In this divorce case, the wife, Cassandra N. Rowand, was awarded a decree *a mensa,* alimony of one dollar per month, custody and support of her minor child, and counsel fees of $550.00. The husband, Dale F. Rowand, is here complaining of the decree insofar as it awarded the wife a divorce, alimony, and counsel fees.

The present proceeding was instituted upon the filing by the wife of a bill of complaint praying for divorce on the grounds of

cruelty and desertion. The husband did not file a cross-bill but answered denying the wife's allegations and asking that her bill be dismissed.

The evidence shows that the parties were married October 2, 1969. A daughter was born of the marriage on January 21, 1971. The parties separated September 5, 1972.

Prior to the separation, difficulties had arisen between the parties concerning financial matters. Approximately August 15, 1972, a quarrel occurred when the wife refused to deposit her paycheck in a joint account. The husband told the wife: "Well, if you're not going to put your check in, then get out." The husband telephoned the wife's parents, stating he was "kicking her out" and inquiring whether they had a place she "could sleep." Following a conversation with her mother, the wife "gave [the husband her] check and stayed."

On September 5, 1972, another argument took place. This time, the dispute involved the wife's insistence that she purchase shoes and clothing for herself and shoes and medicine for the child before contributing to the joint account. The husband told the wife, "Well, if that is the way you are going to be about it, get out." The wife then "got a few things together" and, with the child, went to her parents' home, where she remained until she secured an apartment for herself and the child.

The foregoing is all the corroborated evidence tending to support the chancellor's finding that the wife was entitled to a divorce "on the grounds of constructive desertion." While the wife testified that the husband had "grabbed [her] by the arm and [had thrown her] toward the front door" during the argument in August, 1972, and that he had struck her "once before," this testimony was not corroborated and cannot be considered. Code § 20-99. So the real question here is whether the evidence of the husband's statements to the wife to "get out," unaccompanied by sufficiently corroborated evidence of other acts contributing to cause her departure, justified the award of divorce to the wife on the ground of the husband's constructive desertion.

Our research has disclosed several Virginia divorce decisions involving a demand by one spouse that the other "get out," but in each instance the demand was accompanied by other acts of the offending party which contributed to cause the marital breach. *See, e.g., Carter* v. *Carter,* 199 Va. 79, 97 S.E.2d

663 (1957), and *Davenport* v. *Davenport*, 106 Va. 736, 56 S.E. 562 (1907). In none of the cases was a divorce awarded upon the basis of such a demand alone. We are unwilling to extend the law to recognize as a ground for divorce a bare demand to "get out," given the admonition that courts should not sever marriage bonds merely because husband and wife, through lack of patience or uncongenial natures, cannot live happily together. *Butler* v. *Butler*, 145 Va. 85, 88, 133 S.E. 756, 757 (1926).

We hold, therefore, that the wife was not entitled to a divorce on the ground of constructive desertion by the husband. It does not necessarily follow, however, that the husband is entitled to be free from supporting the wife. Under Code § 20-107, a court may, upon decreeing that neither party is entitled to a divorce, make such further decree as it shall deem expedient concerning the estate and maintenance of the parties.

█ A wife forfeits her right to maintenance and support from her husband only if her misconduct constitutes grounds for divorce. *See Young* v. *Young*, 212 Va. 761, 762, 188 S.E.2d 200, 201 (1972), and *Graham* v. *Graham*, 210 Va. 608, 616, 172 S.E.2d 724, 730 (1970). In the present case, the effect of the chancellor's decree is that the wife, although she left the marital abode, was free from legal fault. The evidence supports that view. The husband's demands that the wife "get out" were unjustified and unprovoked by any legally cognizable misconduct on her part. While she was not entitled to a divorce based solely upon evidence of his demands, the husband would not have been entitled to a divorce, had he asked for one, in view of his conduct in ordering the wife to "get out."

"If a wife is run away from home by her husband . . . she is not guilty of desertion when she leaves for [that reason]." *Carter* v. *Carter, supra*, 199 Va. at 84, 97 S.E.2d at 667. Because she is not guilty of desertion, she does not forfeit her right to maintenance and support. Accordingly, the award of alimony in the present case will be left undisturbed.

█ This brings us to the question of the award to the wife of counsel fees. The husband contends that the wife was not entitled to the award because she did not establish a need therefor. The chancellor, however, had before him evidence of the wife's income and expenses, which warranted the fair conclusion that she could not afford to pay counsel fees on her own behalf. The award of counsel fees was within the sound

discretion of the chancellor. *Wilkerson* v. *Wilkerson*, 214 Va. 395, 398, 200 S.E.2d 581, 584 (1973). Nothing has been shown to establish an abuse of discretion, and the award will not be disturbed.

The decree appealed from, insofar as it awarded the wife a divorce, will be reversed. In all other respects, it will be affirmed.

*Affirmed in part; reversed in part; and final decree.*