## Richmond

### ANNA JEAN GAGLIANO v. ANGELO VINCENT GAGLIANO.

January 20, 1975.

Record No. 740184.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, J.J.

*Phoebe P. Hall (Hall, Hall & Warren,* on brief), for appellant.

*W. H. C. Venable (J. Hatcher Johnson; Venable & McCarthy,* on brief), for appellee.

Harrison, J., delivered the opinion of the court.

Anna Jean Gagliano complains of a final judgment of the lower court determining the arrearage in temporary support and alimony due by her former husband, Dr. Angelo Vincent Gagliano, to be $2,770, rather than $8,170. She further says that the lower court erred in refusing to grant her alimony and in not preserving her right to alimony in its final decree.

Appellant instituted a suit in 1971 seeking a divorce from

appellee on the ground of willful desertion. On March 10, 1971, the court ordered Dr. Gagliano to pay appellant, *pendente lite*, for the support and maintenance of herself and their four-year-old son, Andre, the sum of $350 per month. Pursuant to this order appellee made four payments of $350 each. On June 19, 1971, the parties signed a property settlement agreement wherein they agreed that Dr. Gagliano would pay child support of $250 per month, alimony would be relinquished, and the agreement would be submitted to the court for approval. Thereafter, and between June, 1971, and May, 1973, appellee made eleven payments of $250 each, one payment of $150, and six payments of $500 each. Of this amount, $5,400 was represented by checks payable to Andre. These checks were sent to the wife who endorsed them in her name, deposited them and used the funds in her sole discretion.

Mrs. Gagliano voiced no objection to the manner in which the payments were being made by her husband or to the amounts thereof until after Dr. Gagliano filed a cross-bill praying for an absolute divorce on the ground of continued separation for more than two years. She then served notice on appellee that she would ask the court for an order determining the amount of arrearage in alimony and support payments due her under the March 10, 1971 decree and for an order reducing such arrearage to judgment. She also served notice on him that she would move the court for an order increasing the support which he was required to pay, due to her changed circumstances.

On October 29, 1973, and following an extensive hearing, the court entered a final decree divorcing the parties from the bond of matrimony on the ground that they had lived separate and apart without any cohabitation and without interruption for a period of two years. Custody of the child was awarded appellant, and Dr. Gagliano was ordered to pay Mrs. Gagliano the sum of $300 per month beginning July 1, 1973, until the child reaches his eighteenth birthday, for his care, support and maintenance. The court further ordered that Mrs. Gagliano recover from her husband the sum of $2,770 representing arrearage in support payments through June, 1973. Appellee was ordered to pay certain counsel fees and court costs. The court made no allowance to Mrs. Gagliano for alimony on the ground "that the plaintiff is able to support herself".

Appellant assigns error to the amount of arrearage

allowed. She claims that it should be in the amount of $8,170, rather than $2,770, the court, having by decree of March 10, 1971, ordered Dr. Gagliano to pay to Anna Jean Gagliano the sum of $350 per month. She says that this order was never modified by a decree; that it could not be modified by a contract of the parties; and that the agreement was never submitted to the court for approval. She argues that the voluntary payments of $5,400 made to the child cannot be credited to the obligation to the wife. Pointing out that the court had ordered the husband to pay to the wife certain amounts each month for the support of herself and child, she relies upon *Fearon* v. *Fearon*, 207 Va. 927, 154 S. E. 2d 165 (1967).

In the *Fearon* case all the assignments of error related to the issue of whether the trial court erred in allowing Mrs. Fearon's former husband credit for support payments not made to her. The court said:

"While there is authority elsewhere to support the trial court's action in allowing such credits, this court has adhered to the rule that support payments must be made by the husband in accordance with the terms of the decree. In the case at bar, the decree directed that payments be made to Mrs. Fearon. In *Newton* v. *Newton*, 202 Va. 515, 519, 118 S. E. 2d 656, 659, we said: '[I]t is the obligation of the divorced husband to pay the specified amounts *according to the terms of the decree* and * * * he should not be permitted to vary these terms to suit his convenience. In such a decree the required payments are fixed according to the needs of the child or children and the ability of the husband to pay. Should these vary, from time to time, and warrant a change in the terms of the decree favorable to the husband, his remedy is to apply to the court for such relief.' (Italics supplied.) [Citing cases.]

\* \* \*

"The decree of June 27, 1961, awarded sole custody of the Fearon children to their mother. It specifically directed that Fearon *pay to Mrs. Fearon* $200 on the first and fifteenth of each month for the support and maintenance of herself and the children. The decree did not apportion among them the amount awarded. The object of such a decree is to provide the divorced wife with funds so that she can provide a home and support for herself and the children. The disbursement of

these funds is her privilege and responsibility." (Italics supplied.) 207 Va. at 930, 931, 932, 154 S. E. 2d at 167, 168.

The distinction between *Fearon* and the instant case is that Mrs. Gagliano admits that she received the payments and disbursed the funds in her exclusive discretion and without any interference by Dr. Gagliano.

Admittedly, the payments made by Dr. Gagliano after May, 1971, were not in the amount directed by the decree of March 10, 1971. And appellee admits that beginning in July, 1971, the payments were made to the infant son, Andre. However, the evidence is equally as clear that on June 19, 1971, Mrs. Gagliano voluntarily entered into an agreement relinquishing the alimony which three months prior thereto she had requested the court to grant her, and agreed instead that her husband pay $250 a month for child support instead of the $350 a month the court had allowed for the support of herself and child. Although this agreement was never submitted to the court the parties operated thereunder without complaint or objection, and appellee made the payments as agreed. Perhaps his action in naming his son instead of his wife as payee was a petulant act or a manifestation of the animosity that existed between the parties. While we disapprove of what Dr. Gagliano did, the payments he made were used by his wife for the purpose and in the manner intended, as was her privilege and responsibility.

The trial judge noted that if he increased the amount of arrearage due from appellee by disallowing credit for all checks drawn to Andre, "it would be such a monumental triumph of form over substance it would defy everything I understand the law to be". However, he held that Dr. Gagliano owed the amount awarded by the decree of March 10, 1971 ($350 a month), which decree had never been modified.

The trial court further held that the payments made by Dr. Gagliano, in the sum of $5,400, were made in reliance on what he thought was a bona fide agreement entered into on June 19, 1971, and that these payments to that extent complied with the dictates of the March 10, 1971 decree and would be credited against the total amount awarded. It found no willful attempt on the part of appellee to frustrate any order of the court, observing that Dr. Gagliano "relied totally upon an agreement" that had been negotiated by his counsel and counsel for his wife.

The evidence supports the findings of the lower court. The object of the decree of March 10, 1971, *pendente lite,* was to provide Mrs. Gagliano with funds so that she could provide for the support and maintenance of herself and Andre during the pendency of the divorce suit. Having entered into an agreement for payments in lieu of those fixed in the decree and having accepted those payments and used the funds for the purposes specified in the decree, Mrs. Gagliano is estopped to deny that such payments are a proper credit against the payments fixed in the decree.

■ We next consider whether the court erred in disallowing alimony to appellant on the ground that she was able to support herself. We have heretofore stated and accepted the general rule to the effect that the trial court has a very broad discretion in fixing the amount of alimony and that we will not interfere with such discretion unless it was arbitrarily used or some injustice has been done. *Ring* v. *Ring,* 185 Va. 269, 38 S. E. 2d 471 (1946).

Here the evidence concerning the need of appellant for support and the ability of appellee to pay is most voluminous. It suffices to observe that these parties were married in September, 1963. Mrs. Gagliano is a registered nurse, was working at the time of her marriage and has continued to be employed most of the time since the marriage. Dr. Gagliano entered medical school in September, 1963, and since then has been either attending school or serving as an intern or a resident. At the time of the hearing he was employed as the Resident Anesthesiologist at the Massachusetts General Hospital at an annual salary of $10,900. Appellant filed a statement showing her income to be $441 per month "take-home salary" and her estimated living expenses for herself and Andre to be $872. The trial court also had before it a statement showing the estimated expenses of Dr. Gagliano, including debts incurred by him incident to his education and being currently repaid by him. The court concluded from the evidence that Mrs. Gagliano was "able to support herself" and disallowed her alimony on that ground. It directed appellee to pay Mrs. Gagliano $300 a month for the care, support and maintenance of their child. In addition the appellee was directed to pay attorney's fees and other costs in excess of $1,141.33, and a judgment was decreed against him in the amount of $2,770.

In view of these allowances, the award made for the benefit of the infant child, the present income of Mrs. Gagliano and her

ability to earn, and all other circumstances, we are unable to say that the denial of alimony to appellant was plainly wrong and without evidence to support it. We find no abuse of discretion by the trial court.

The question remains whether the court erred in failing to note in the final decree a reservation to grant Mrs. Gagliano alimony at some future date in event of changed circumstances. Our decision on this issue is controlled by *Young* v. *Young*, 212 Va. 761, 188 S. E. 2d 200 (1972); *Lancaster* v. *Lancaster*, 212 Va. 127, 183 S. E. 2d 158 (1971); and *Guy* v. *Guy*, 210 Va. 536, 172 S.E.2d 735 (1970). And in *Rowand* v. *Rowand*, 215 Va. 344, 210 S.E.2d 149 (1974), we held that although a wife was not entitled to a divorce on the ground of constructive desertion by the husband, it did not necessarily follow that the husband is entitled to be free from supporting the wife. There we said:

"Under Code § 20-107, a court may, upon decreeing that neither party is entitled to a divorce, make such further decree as it shall deem expedient concerning the estate and maintenance of the parties.

"A wife forfeits her right to maintenance and support from her husband only if her misconduct constitutes grounds for divorce. *See Young* v. *Young*, 212 Va. 761, 762, 188 S. E. 2d 200, 201 (1972), and *Graham* v. *Graham*, 210 Va. 608, 616, 172 S. E. 2d 724, 730 (1970). In the present case, the effect of the chancellor's decree is that the wife, although she left the marital abode, was free from legal fault. The evidence supports that view. . . ." 215 Va. at 346, 210 S. E. 2d at 150-1.

In the instant case the trial court decreed that the parties be divorced and specifically found as a fact and recited on the face of the final decree "that the plaintiff was not responsible for the separation of the parties. . . ." The effect of this was to find that Mrs. Gagliano was without fault and had not forfeited her right to maintenance and support from her husband, Dr. Gagliano. Therefore, the trial court should have incorporated in the final decree a reservation of power to reinstate the cause and award alimony to appellant upon a proper showing of such a change in the circumstances and conditions of the parties as to support an award. *Losyk* v. *Losyk*, 212 Va. 220, 183 S. E. 2d 135 (1971).

The decree appealed from, insofar as it failed to reserve the right of the trial court to award and revise the alimony

provisions to meet changed conditions, will be reversed. The cause will be remanded for such an express reservation to be made. In all other respects the final decree will be affirmed.

*Affirmed in part; reversed in part; and remanded.*