## CIRCUIT COURT OF ARLINGTON COUNTY

Gavian

v.

Gavian

### February 12, 1975

### Case No. (Chancery) 24900

## By JUDGE CHARLES H. DUFF

I have reviewed the authorities cited at the argument of defendant's motion for a stay of these proceedings, as well as the Memoranda subsequently filed, and hasten to advise [counsel] of my conclusions.

The annotation appearing in 19 A.L.R. 2d 301 properly notes that a prior pending action in another jurisdiction, though between the same parties and upon the same cause of action as one subsequently instituted at the forum, is not a bar or ground for abatement of the later action. However, in proper circumstances, the Court of the forum in which the second action is brought may stay the progress thereof pending the determination of the first action in the foreign state. The parties seeking the stay may not require the same as a matter of right. It is discretionary with the Court of the forum, and its exercise or refusal to exercise cannot ordinarily be made the ground for error unless abuse of discretion is found under the circumstances.

The real basis for the exercise of the power to stay appears to be the protection of the defendant from vexatious and harassing litigation where there is no legi-

timate advantage which may be gained by the case proceeding in the second jurisdiction. The avoidance of a multiplicity of actions and to a lesser extent the recognition of the principles of comity are likewise posited as bases for granting a stay. On the other hand, many courts have refused to grant a stay on the ground that a plaintiff should have the right to institute his action in a state of his choosing, given all of the requisite jurisdictional requirements. An examination of the numerous cases cited would seem to indicate that in general they turn on their own peculiar factual pattern and in domestic relations matters on the general equities involved.

Mrs. Gavian's suit for divorce was instituted in the Circuit Court of Montgomery County, Maryland, October 17, 1974, and seeks an *a vinculo* decree on the ground of adultery. I understand from counsel that appropriate motions have been filed attacking the jurisdiction of the Maryland court but are presently undecided. Mr. Gavian filed his present action in this court December 10, 1974, seeking an *a vinculo* decree on the ground of two-year separation without cohabitation. Mrs. Gavian asserts that Maryland is the more appropriate jurisdiction as property rights can be determined under its law and at the same time the parties can litigate their grounds for divorce with each party being able to secure the same or further relief than in Virginia. She likewise asserts that to protect her right to alimony, the burden would be upon her in the Virginia action to prove that she was without fault. Thus, with the Maryland action filed first, she contends that equity requires a stay of the Virginia proceeding.

Were the laws of the two jurisdictions such that Mr. Gavian could seek and receive the same relief by way of cross-claim in the Maryland action, Mrs. Gavian's argument would have considerable appeal. However, unless I am misadvised as to the Maryland divorce statutes, Section 24 of Art. 16 requires a husband and wife to have lived separate and apart without cohabitation or interruption for *three years* to entitle one to an *a vinculo* decree. Mr. Gavian, assuming his allegations can be established in the Virginia suit, would be entitled to a decree after two years' separation. However, assuming that he could successfully defend his wife's charges in the Maryland

action, that court could not sustain a cross-bill until the three-year separation statute had been satisfied.

Moreover, in defending the present action in Virginia, Mrs. Gavian would sustain no prejudice as the burden is not hers to negate fault for the marital termination. The last portion of § 20-91(9) provides that a decree of divorce granted pursuant thereto shall in no way lessen any obligation a husband may otherwise have to support his wife unless he shall prove that there exists in his favor some other ground for divorce under the statute. In essence, the burden is upon the husband to show that the wife is at fault in order for his obligation for support to be terminated. *See Lancaster v. Lancaster*, 212 Va. 127 (1971); *Young v. Young*, 212 Va. 761 (1972); and *Guy v. Guy*, 210 Va. 536 (1970).

A Virginia court could not determine the rights of the parties to the Maryland real estate, so the Maryland action in that regard must proceed regardless of the ruling herein. Accordingly, I am of the opinion that the totality of the equities involved do not preponderate in favor of granting a stay of the present action.