219 S.E.2d 898 (1975)
David CAPPS, Sr.
v.
Patricia Diane Seawell CAPPS.
Record No. 750326.
Supreme Court of Virginia.
December 1, 1975.
*899 Howard I. Legum, Norfolk (Fine, Fine, Legum & Fine, Norfolk, on brief), for appellant.
Tonita M. Warren, Newport News, on brief, for appellee.
Case submitted on brief for appellee.
Before I'ANSON, C. J., and CARRICO, HARRISON, COCHRAN, POFF and COMPTON, JJ.
PER CURIAM.
On December 5, 1973, David Capps, Sr., filed a bill of complaint against his wife, Patricia Diane Seawell Capps, seeking a divorce a mensa et thoro, to be later merged into an absolute divorce, on the ground that she willfully deserted him on October 23, 1973. The bill of complaint was subsequently amended to include allegations of adultery. The wife filed an answer and cross-bill, in which she prayed for a divorce a mensa et thoro based on a single act of physical cruelty which occurred on October 23, 1973. The wife further prayed for custody of the parties' two children, together with alimony and support.
Evidence was taken by depositions, and the chancellor entered his decree on December 4, 1974, granting the wife a divorce a vinculo on the ground of cruelty and awarding her custody of the children and an allowance for their support. The matter of alimony for the wife was reserved.
The only questions properly presented on this appeal are whether the chancellor erred in awarding the wife a divorce on the ground of the physical cruelty alleged in her cross-bill and in denying the husband a divorce on the ground of desertion.
The parties were married on October 9, 1969. One child was born to them, and the husband adopted the wife's daughter by a former marriage. Prior to the marriage the husband had been seriously wounded while serving in the armed forces in Vietnam and, as a result, his left arm is paralyzed, he is forced to wear a leg brace for support, and he has a plate in his head.
The husband testified that his wife willfully deserted him on October 23, 1973. He admitted that he argued with her on the date of the alleged desertion and that, when she remarked that he "wasn't half the man Gary was," he became angry and struck her one time. He testified, however, that he immediately attempted to apologize to his wife, but was rebuffed. She then left their home, taking the two children with her, and they have not lived together as husband and wife since the date of the desertion. The husband admitted that there had been numerous separations and arguments in the past, but denied that he had ever been cruel to his wife.
The husband's father testified that the wife left his son on October 23, 1973, and that the parties have not lived together as husband and wife since that date.
The wife testified that on October 23, 1973, she had been physically abused by her husband. On that occasion, she said that an argument arose because he refused help from Child Protective Services to save their marriage. During the argument her husband struck her and choked her "in the bend of his arm." She testified that after she broke free from his hold, he said, "You and your bastard get out of here." She stated that immediately thereafter she left the home, taking with her the two children.
The wife's mother testified that on the evening of October 23, 1973, her daughter came to her home "hurting" and "crying." She noticed a "big knot" behind her daughter's ear, and she drove her to a hospital for x-rays.
The rule is firmly established in Virginia that a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard ore tenus, but that such a decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence. Hoback v. Hoback, 208 Va. 432, 435, 158 S.E.2d 113, 116 (1967); Canavos v. Canavos, 200 Va. 861, 866-67, 108 S.E.2d 359, 363 (1959). Hence, our inquiry *900 is whether there is such competent and credible evidence to support the chancellor's decree granting the wife a divorce on the ground of physical cruelty.
In her cross-bill and proof, the wife relied on a single instance of physical abuse by her husband to support her claim of cruelty. Her testimony tended to show that during the October 23rd argument her husband struck and choked her, and ordered her to leave their home. There was no corroboration of the wife's testimony that her husband told her to "get out." Code § 20-99. While her testimony of physical injury is sufficiently corroborated by her mother's observation of a "big knot" on her head following the incident, Graves v. Graves, 193 Va. 659, 661-62, 70 S.E.2d 339, 340-41 (1952), and Sollie v. Sollie, 202 Va. 855, 861, 120 S.E.2d 281, 285 (1961), we hold that this one instance of physical cruelty is insufficient to establish a ground for divorce.
In DeMott v. DeMott, 198 Va. 22, 92 S.E.2d 342 (1956), the wife established that during an argument her husband grabbed her, threw her against the wall, and threatened her with a knife. We held there that a divorce grounded on cruelty was properly denied the wife in that:
". . . [A] single act of physical cruelty does not constitute ground for divorce, unless it is so severe and atrocious as to endanger life, or unless the act indicates an intention to do serious bodily harm or causes reasonable apprehension of serious danger in the future, or the precedent or attendant circumstances show that the acts are likely to be repeated." 198 Va. at 28, 92 S.E.2d at 346.
In Rowand v. Rowand, 215 Va. 344, 210 S.E.2d 149 (1974), we denied the wife a divorce based on constructive desertion where her corroborated proof established only that her husband ordered her to "get out" of the marital abode. We held that such a demand, where unaccompanied by corroborated evidence of other acts of the offending party which contributed to the cause of the marital breach, is insufficient to establish a ground for divorce.
In the present case there was no substantial evidence that the husband's act of physical cruelty was so severe and atrocious as to endanger the wife's life. She offered no medical evidence as to the extent of her injury. The husband's conduct does not indicate that he intended her serious bodily harm and it does not imply that the injury complained of will recur. Further, the wife's testimony does not indicate that she has a reasonable apprehension of serious injury in the future. Cf. Wimbrow v. Wimbrow, 208 Va. 141, 156 S.E.2d 598 (1967). Hence, in the absence of corroborated evidence of additional acts of misconduct by the husband, the wife has not sufficiently established cruelty as a ground for divorce.
Although we hold that the wife is not entitled to a divorce, it does not necessarily follow that the husband must be granted a divorce on the ground of desertion. In Rowand, supra, we noted that:
". . . [T]he effect of the chancellor's decree is that the wife, although she left the marital abode, was free from legal fault. The evidence supports that view. The husband's [actions] . . . were unjustified and unprovoked by any legally cognizable misconduct on her part. While she was not entitled to a divorce based solely upon her evidence . . . the husband would not have been entitled to a divorce, had he asked for one, in view of his conduct . . . ." 215 Va. at 346, 210 S.E.2d at 151. See also Gagliano v. Gagliano, 215 Va. 447, 452, 211 S.E.2d 62, 66 (1975).
Here the wife proved, by corroborated testimony, that her husband physically abused her and that this conduct was the provoking cause for her leaving the marital abode. Under these circumstances, we find that the husband's conduct did not entitle him to a divorce on the ground of willful desertion since his wife left the home without legal fault. Therefore the husband's *901 prayer for a divorce was properly denied by the chancellor.
For the reasons stated the decree appealed from, insofar as it awarded the wife a divorce, is reversed.
We express no opinion as to the chancellor's award of custody of the children and the amount allowed for their support and maintenance, since those questions are not before us.
Affirmed in part; reversed in part; and final decree.