## CIRCUIT COURT OF HENRICO COUNTY

Grayson R. Robertson

v.

Mary M. Robertson

November 3, 1977

Case No. 77C331

By JUDGE E. BALLARD BAKER

The question is whether Grayson Robertson is entitled to a divorce from Mary Robertson on the ground of separation under Section 20-91(9) or on the ground of constructive desertion.

In my view, Mr. Robertson has not proven constructive desertion. However, the evidence is clear that, other than living under the same roof, the parties have lived separate and apart since April 8, 1976.

An annotation at 35 ALR 3d, 1278-1281, relates to separate and apart where the parties live in the same premises but occupy separate rooms as here. While most cases deny a divorce under such circumstances, it does appear that where there has been a complete cessation of all marital duties and relations between the parties and they live in such a manner that those who know them can observe that they are not living together then the separate and apart requirement has been met.

The closest Virginia cases are *Albert* v. *Albert*, 137 Va. 1 (1923), *Chandler* v. *Chandler*, 132 Va. 418 (1922), and *Ringgold* v. *Ringgold*, 128 Va. 485 (1920). These cases relate to the sufficiency of separation in cruelty or desertion charges. In *Chandler*, a divorce on desertion was granted on an allegation of three years desertion even though the parties lived in the same home until a few days before suit was filed. The Court based its holding

on evidence showing a breach and neglect of marital duties as to practically destroy home life in every true sense.

These Virginia cases indicate that desertion can occur without either party leaving the home. People can also live "separate and apart" though under the same roof.

In this case, the evidence is in conflict as to why the Robertson's lived as they did after April 8, 1976. Each blames the other, but neither produces satisfactory corroborating evidence of fault.

Mr. Robertson is not entitled to a divorce on desertion because he has not proven Mrs. Robertson at fault. Mrs. Robertson has not asked for a divorce, but has requested support and maintenance.

As the evidence establishes that the parties have lived separate and apart in all aspects of the marital relationship, Mr. Robertson is entitled to a divorce on the ground that he and Mrs. Robertson have lived separate and apart without cohabitation and without interruption for more than one year.

As Mrs. Robertson has not been shown to be at fault she is entitled to support and maintenance. *Young* v. *Young*, 212 Va. 761 (1972), *Lancaster* v. *Lancaster*, 212 Va. 127 (1971).

There is insufficient information in the depositions to enable the Court to make an award to Mrs. Robertson for support. Counsel may present such information by further depositions or on ore tenus hearing.