## CIRCUIT COURT OF LEE COUNTY

Frances Marie Hobbs Roller

    v.

Paul Wrightly Roller

Paul Wrightly Roller

    v.

Frances Marie Hobbs Roller

November 29, 1984

By JUDGE S. W. COLEMAN, III

In this divorce proceeding the wife, Frances Marie Hobbs Roller, has filed a bill of complaint seeking a divorce on the grounds of cruelty, wilful desertion and abandonment, and adultery. The husband, Paul Wrightly Roller, has filed an answer and cross-bill denying that his wife has grounds for divorce and requesting that he be granted a divorce on the grounds that the parties have lived separate and apart without any cohabitation and without interruption for a period of one year. Both the evidence and several amendments to the pleadings indicate that prior to June 9, 1983, the parties had been separated, a prior divorce proceeding had been instituted and various complaints of misconduct were made; however, both parties acknowledged that the last separation of the parties occurred on June 9, 1983, and the incident occurring on that occasion was the culmination of their problems which led to the final dissolution of the marriage.

This marriage lasted for ten years at the time the parties finally separated on June 9, 1983. No children were born of the marriage. It appears that this was the second marriage for both parties. Frances Marie Roller is fifty-seven years of age and was a part-time employee at Carter Hall Nursing Home until she sustained certain injuries on June 9, 1983. Additionally, it appears that she did some part-time cleaning work for a Dr. Holland. While the evidence does not disclose what the prior earnings of Frances Marie Roller were, it appears that at present she has no earnings from employment. Paul Wrightly Roller is forty-seven years of age and is currently operating a grocery store. His tax returns for the year 1983 indicate that he had wages from the grocery store in the amount of $5,200.00 and additionally received $2,117.74 from interest paid by Powell Valley National Bank and Lee Bank and Trust Company. The evidence further indicates that he does have other unspecified rental income from properties which he inherited. The evidence further indicates that Paul Wrightly Roller has in the past been involved in several business ventures including trucking, coal hauling and the operation of a motor vehicle dealership or garage, all of which the evidence suggests were business failures. According to the testimony of Paul Wrightly Roller his indebtedness is in the range of $55,000.00. From the record, Mr. Roller's income would appear to be within the range shown on his 1983 income tax return together with the additional rental income.

As to the grounds for divorce, Mrs. Roller testified as to prior acts of verbal abuse, excessive use of alcohol and frequent "arguing and fighting." She stated that he had threatened her life and the life of her children. Mr. Roller denies the accusations and indicates that she was difficult to get along with. The incident on June 9, 1983, resulted from an argument or disagreement after Mr. Roller arrived home late from his grocery business after Mrs. Roller had his dinner prepared after having worked all day. She indicated that he was drinking at the time. An argument erupted for which both parties blame the other. The argument culminated in Mrs. Roller's being struck by the pick-up truck operated by Mr. Roller and receiving personal injuries. Mrs. Roller claimed the incident to be intentional; Mr. Roller contends it was accidental. A neighbor, Juanita Orr, was summoned to the scene and transported Mrs. Roller to the emergency

room. Mrs. Orr offered no evidence which clearly assisted the court in determining whether the incident was intentional or accidental but it is clear from her evidence that the incident occurred during a time when the parties were involved in a confrontation. Mr. Roller indicated that he was told on that occasion to leave the home and not come back if he knew what was good for him. He acknowledged that he had not returned since that date due to a criminal warrant which Mrs. Roller subsequently had issued against him and due to a protective injunction issued on July 19, 1983. A mere demand to "get out" is not sufficient to justify a person's withdrawing from the marriage and not returning. *Rowand v. Rowand*, 215 Va. 344, 210 S.E.2d 149 (1974). Here, there was more than just a mere demand, such was accompanied by longstanding problems between the parties and the recent confrontation involving the injury. Further, Mr. Roller indicated his willingness to return to the marriage and effect a reconciliation and resumption of cohabitation except for the criminal warrant and injunction imposed against him. However, Mrs. Roller would not be required to accept his offer of reconciliation if she were justified in such refusal and there existed reason to fear further recriminations or cruelty. The court is of the opinion that the evidence does establish cruelty and reasonable apprehension of bodily harm by Paul Wrightly Roller against Frances Marie Hobbs Roller which resulted in the separation on June 9, 1983, and will award her a divorce pursuant to § 20-91(6) of the Code of Virginia. While Paul Wrightly Roller expressed his desire of reconciliation, no such offer appears to have been made and under the circumstances Mrs. Roller would have been justified in refusing such offer. Even had the evidence been insufficient to establish fault on behalf of Paul Wrightly Roller, Mrs. Roller would not have been precluded from seeking spousal support and maintenance pursuant to § 20-107.1 of the Code or equitable distribution of marital property pursuant to Section 20-107.3 of the Code. See, *Breschel v. Breschel*, 221 Va. 208 (1980).

### Equitable Distribution

Frances Marie Hobbs Roller seeks to have the marital property of the parties equitably distributed pursuant to § 20-107.3 of the Code. While the evidence does indicate

that Paul Wrightly Roller does own certain real estate and rental property, the record fails to disclose sufficient information for the court to determine that such property is classified as marital property. In fact, the implications from the evidence are that most of the property was either acquired by him before the marriage and maintained as separate property or was acquired during the marriage by devise or descent and was maintained as separate property and therefore was not marital property. Despite the lack of evidence from which the court can classify the property as either marital or separate property, there is additionally no evidence as to the valuation of such property to permit the court to make an award based upon those factors and guidelines provided for by statute.

The only evidence of any marital property is the residence acquired by the parties which is titled in the name of Frances Marie Hobbs Roller. The evidence indicates that Mr. Roller consents to her retaining the property and makes no claim therefor.

Frances Marie Hobbs Roller indicated that she had during the marriage paid from funds which she had inherited $18,000.00 which Mr. Roller used in one of his business enterprises and $20,000.00 which he purportedly intended to use to purchase cocaine in Florida. Mr. Roller denies both transactions. No supporting evidence of withdrawals or checks were offered to substantiate such transaction. Nevertheless, assuming that the transactions did in fact occur, it is acknowledged that the funds were utilized for ventures that have not resulted in any assets or properties available to the parties as a result of the transactions. No marital property was acquired from these proceeds that are presently held by either party nor can the assets be traced to show that they resulted in the acquisition of any assets currently held by the parties. Accordingly, the transactions, even if they did occur, are not such that they have any bearing upon the distribution of marital property.

### Spousal Support

It is the opinion of the court that Frances Marie Hobbs Roller is entitled to permanent spousal support and maintenance as provided by § 20-107.1 of the Code. Without elaboration, the court has considered those factors

enumerated in § 20-107.1 of the Code together with any other pertinent evidence offered by the parties as are necessary to consider the equities between them. The evidence indicates that both parties may have some assets received from inheritance or devise, but the record is either silent or limited as to the valuations or the parties' respective estates or income produced therefrom. While Mrs. Roller has previously been gainfully employed, at the present she is unable to be so because of her injuries. The list of expenses submitted by her were in the range of $520.00 per month but included no provisions for clothing, insurance, real estate taxes, etc. Mr. Roller furnished very little information concerning his expenses but indicated that they were minimal. His indebtedness appears to be substantial and his income would appear to fall somewhere in the range of $8,000.00 to $12,000.00. He does have unspecified assets which yielded in 1983 interest income of $2,100.00. Based on Mr. Roller's prior business experience, there is nothing in the record to suggest that he is not capable of obtaining employment that would generate more income than his current earnings. Accordingly, the court is of the opinion that the award of $500.00 per month is fair and reasonable and shall continue in full force and effect. Payments shall be made on the first and fifteenth of each month in the amount of $250.00 each.

An allowance of $300.00 attorney's fees shall be awarded to Frances Marie Hobbs Roller together with her costs herein.