## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Patricia Wade Rigsby

v.

Bobby Lee Rigsby

December 30, 1987

By JUDGE WILLIAM H. LEDBETTER, JR.

This divorce suit has been on the docket since 1983. At an ore tenus hearing on October 26, 1987, counsel agreed to bring the case to a conclusion by filing memoranda (opening memoranda by December 2nd and reply memoranda by December 11th) addressing the unresolved issues of divorce, spousal support, equitable distribution, and counsel fees.

Mrs. Rigsby initiated this litigation on October 31, 1983, by filing a bill of complaint for divorce based on cruelty. Among other claims for relief, she requested that the court determine the property rights of the parties.

Mr. Rigsby filed an answer and cross-bill, alleging desertion and claiming that the parties had agreed upon a property settlement.

Mrs. Rigsby answered the cross-bill and moved for pendente lite support.

By Order entered on March 5, 1984, the court awarded $50.00 per month spousal support to Mrs. Rigsby and $250.00 per month for the support of one minor child (now an adult).

With a lot of inexplicable starts-and-stops, depositions were taken on October 29, 1984, August 30, 1985, December 20, 1985, and August 12, 1986. At one point, the case was referred to a commissioner in chancery, but,

apparently by agreement of the parties, no proceedings were ever conducted by the commissioner.

As noted above, the case was finally brought on for determination on October 26, 1987. Mr. Rigsby filed memoranda on December 3rd and December 10th; Mrs. Rigsby filed a memorandum on December 3rd and did not submit a reply memorandum.

## Factual Background

The parties were married in 1963 and lived together until August 1, 1983, when Mrs. Rigsby left the marital home following an altercation.

Three children were born of the marriage, all of whom are now adults.

During the last several years of the marriage, as the children grew up, the Rigsby household seems to have been marred by tension, violent arguments, Mr. Rigsby's stern discipline and dictatorial attitudes, unhappiness and discord. In 1982, Mrs. Rigsby left the master bedroom and thereafter slept in a separate bedroom. In 1983, she began removing items of property from the home and spending more and more time at the home of her mother. On August 1st of that year, she left and took the minor child (Suzanne) with her.

## Divorce

The only evidence related to the fault allegations in the bill and cross-bill is provided by the parties and their children. Two of the children have sided with Mrs. Rigsby, while the other child has supported Mr. Rigsby's version of events.

It is regrettable and unfortunate that children of any age should be involved as witnesses to prove fault in divorce cases. Their testimony should be cautiously regarded because liable to be exaggerated or inaccurate. Further, it is offensive to commonly-held notions of familial loyalty and affection when members of a family, brothers, sister, mother and father, take oaths and proceed to contradict one another about all sorts of alleged instances of misconduct and other private details of their lives together.

Mrs. Rigsby's evidence is a depressing compilation of trends and episodes that depicts an unhappy marriage, at least over the last several years that the parties lived together. Mr. Rigsby deserves no award for contributions to marital bliss.

Nonetheless, on balance, the evidence is insufficient to establish cruelty.

In the early cases, cruelty was defined as acts of physical violence or conduct which rendered cohabitation unsafe and caused reasonable apprehension of bodily harm. In the more recent cases, it has been recognized that cruelty may consist of cumulative acts of ill treatment, unrelenting abuse and humiliation, not amounting to physical cruelty but resulting in mental anguish which may be as bad as physical wounds and bruises. *See, e.g., Ringgold v. Ringgold,* 128 Va. 485 (1920); *Bennett v. Bennett,* 179 Va. 239 (1942); *Sollie v. Sollie,* 202 Va. 855 (1961). On the other hand, inattentiveness, incivility, disputes and other vexations which do not cause reasonable apprehension of harm and which merely contribute to an erosion of the relationship, do not amount to cruelty. A fault divorce based on cruelty cannot be granted because the parties are unable to live together in peace and harmony. *Coe v. Coe,* 225 Va. 616 (1983). Ordinarily, profane and harsh language, petulance of manner, rudeness, a dictatorial bearing, and even sallies of passion that do not threaten harm, do not amount to cruelty. *Beers v. Beers,* 198 Va. 682 (1957); *Latham v. Latham,* 71 Va. 307 (1878). A single act of physical cruelty, without more, does not constitute cruelty as a ground for divorce. *DeMott v. DeMott,* 198 Va. 22 (1956).

In this case, the incidents used to support the allegation of cruelty are too vague and distant, most of them inadequately corroborated, and many of them, even if true, insufficient to constitute a ground of divorce.

Mr. Rigsby asserts that since Mrs. Rigsby cannot establish a fault ground of divorce based on cruelty, her departure amounts to desertion. This assertion is incorrect.

Under certain circumstances, a spouse does not commit desertion if she leaves without the foundation of a judicial proceeding for a divorce. While a spouse is not justified in leaving merely because there has been a gradual breakdown

in the marriage, *Sprott v. Sprott*, 233 Va. 238 (1987), a wife is free from legal fault if she leaves because of an at of physical abuse, not amounting to cruelty sufficient to be a ground of divorce, if the husband's conduct was the "provoking cause" for her departure. *Capps v. Capps*, 216 Va. 382 (1975); *Seamann v. Seamann*, 233 Va. 290 (1987).

The evidence in this case shows that Mrs. Rigsby was free from legal fault in departing the marital residence on August 1, 1983. However, the court is of the opinion that her cruelty allegation, which must be supported by probative corroborated evidence, is inadequate. *See, e.g.,* *McLaughlin v. McLaughlin*, 2 Va. App. 463 (1986).

A no-fault basis of divorce has been established pursuant to Virginia Code § 20-91(9), and, upon proper motion under § 20-121.02, a divorce will be granted on that ground.

### Separation Agreement

The parties never executed a written property settlement contract. However, Mr. Rigsby claims that the parties did reach agreement on all matters in September of 1983, memorialized in an 8-page document prepared by Mr. Rigsby's attorney and submitted to Mrs. Rigsby's original attorney, and that Mrs. Rigsby subsequently changed her mind and repudiated the agreement.

The circumstances of the purported agreement are summarized in the defendant's memorandum pages 8-11. Basically, according to him, the parties' attorneys negotiated a settlement of all matters, including support and property division, in September of 1983 at the eleventh hour before the parties were to appear in the Spotsylvania County Juvenile and Domestic Relations District Court on Mrs. Rigsby's petition for spousal support and child support. Pursuant to that negotiated agreement, Mr. Rigsby contends, his attorney prepared a written agreement and forwarded it to Rebecca Reed, a local attorney then representing Mrs. Rigsby. The proposed agreement was accompanied by a check for $250.00 payable to Mrs. Rigsby.

Mrs. Rigsby denies that she ever agreed to the terms of property division or spousal support embodied in the proposed written agreement. She acknowledges that her attorney received it, with a check for $250,00, but says

that she took the $250.00 as payment of child support and nothing more.

The parties have divided most of their marital property, including the net proceeds from the sale of jointly-owned real estate. Mr. Rigsby says that this division is evidence of the parties' agreement. Mrs. Rigsby claims that the parties agreed only upon child support on the evening prior to their scheduled appearance in court, and that they agreed upon issues relating to property division on an item-by-item basis over the course of many months not as part of a comprehensive agreement of the sort alleged by Mr. Rigsby.

The evidence concerning the existence of an agreement, then, is Mr. Rigsby's sworn testimony against Mrs. Rigsby's sworn testimony. Neither attorney who participated in the negotiations that supposedly led to the agreement testified. Subsequent conduct of the parties is just as consistent with Mrs. Rigsby's explanations as Mr. Rigsby's version. The transmittal letter accompanying the document refers to a "proposed" agreement.

The party who alleges the existence of a contract must prove the formation of the contract, *i.e.*, a meeting of the minds on all essential or material terms, by a preponderance of the evidence. Mr. Rigsby has not sustained that burden of persuasion. Accordingly, the court finds that there is insufficient evidence to determine that the parties have reached agreement on spousal support and property division.

### Equitable Distribution

The parties have completed a distribution of most of their property on a piecemeal basis, either by delivery of items by one spouse to the other, or by acknowledgment that items in the possession of one party shall belong to that party, or by sale of the item and division of the proceeds. There is ample evidence in the depositions identifying and categorizing these items, placing values on them, and establishing their present whereabouts. The property in dispute is Mr. Rigsby's military pension benefits.

Mr. Rigsby, 51 years old, is receiving military pension payments in the amount of $776.00 per month, based on

twenty-three years of military service. Mrs. Rigsby claims that the present value of the pension is approximately $246,000.00. Mr. Rigsby rejects that valuation but has offered no evidence of a more accurate present value. Where the husband is already receiving benefits, the present value may be inferred from the evidence. *Sawyer v. Sawyer*, 1 Va. App. 75 (1985). Such inference may be drawn from the present amount of benefits, taking into account Mr. Rigsby's life expectancy, as well as adjustments for cost of living increases.

In considering the issue of equitable distribution, the court is mindful of the fact that the parties already have divided their marital property with the exception of Mr. Rigsby's military pension. The court finds that this division was effected by mutual agreements, on a piecemeal basis, as explained above. Without reciting the details of this division, about which there is ample testimony in the depositions, it suffices to note here that Mrs. Rigsby was allotted far more property, in quantity and value, than Mr. Rigsby. A portion of her allocation was liquid, *i.e.*, half of the proceeds of the sale of the jointly-owned real estate.

The parties wee married on May 4, 1963, and stayed together until the separation on August 1, 1983. Mr. Rigsby spent twenty-three years on active duty with the U.S. Army and was married to Mrs. Rigsby for approximately half of that time.

Considering all of the factors enumerated in Section 20-107.3(E), the court is of the opinion that Mrs. Rigsby is entitled to a monetary award equal to twenty-five percent of Mr. Rigsby's military pension; and, pursuant to § 20-107.3(G), the court will direct payment of 25% of such pension benefits to Mrs. Rigsby as such benefits are payable.

### Spousal Support

Mrs. Rigsby seeks spousal support. She contends that Mr. Rigsby should provide her with such payments from his share of the military pension and, further, that the court should consider his earning capacity as evidenced by the income from employment that he has held since his retirement from the military. Mr. Rigsby claims

that Mrs. Rigsby is not entitled to any spousal support, and, in any event, that he is incapable of earning supplemental employment income.

Because there exists no ground of divorce in favor of Mr. Rigsby against Mrs. Rigsby, for the reasons discussed above, Mrs. Rigsby is not barred from receiving permanent maintenance and support. However, considering all the factors in § 20-107.1, especially Mrs. Rigsby's financial resources and the provisions made with regard to the marital property, the court is of the opinion that Mrs. Rigsby should receive no spousal support from Mr. Rigsby. Her training and earning capacity, combined with good health and access to a favorable job market, provide her with obvious self-sufficiency. Her debts are minimal. The expenses listed on her expense statement are exaggerated, and many of them relate only to Suzanne, now an adult, who was living with her at the time she testified.

Even in early 1984, before the taking of evidence by depositions, this court clearly doubted Mrs. Rigsby's need for spousal support. By order entered on March 5, 1984, after a pendente lite hearing, the court awarded child support in the amount of $250.00 per month and spousal support only in the nominal amount of $50.00 per month. Nothing has occurred since that time, and no new evidence has been adduced, which is inconsistent with that initial decision almost four years ago.

### Attorneys' Fees

Each party seeks reimbursement of costs and counsel fees. Because this litigation has spanned more than four years, these fees are considerable. Each party blames the other for the suit's longevity. Each party claims that the other is better able to pay.

An award of attorneys' fees is within the court's discretion. Considering all relevant factors, the court is of the opinion that each party should be responsible for his or her own costs and attorneys' fees expenses in this unnecessarily protracted litigation.

*Other Matters*

Custody, child support and visitation were issues in the original pleadings. During the pendency of this suit, however, the children have become adults, and the parties concede that these issues are now moot.

*Conclusion*

Mrs. Rigsby's request for a divorce on the ground of cruelty will be denied. Mr. Rigsby's request for a divorce on the ground of desertion will be denied. Either party may move the court for a no-fault divorce as provided by statute. The only marital property remaining subject to equitable distribution is Mr. Rigsby's military pension, of which 25% shall be paid to Mrs. Rigsby under the provisions of § 20-107.3(G). Mrs. Rigsby is not entitled to an award of spousal support. Neither party is entitled to an award of attorneys' fees against the other.