## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Sharlene Eckel Turnbell

v.

Guy Steven Turnbell

March 27, 1989

Case No. C-88-518

By JUDGE WILLIAM H. LEDBETTER, JR.

Mrs. Turnbell instituted this suit in October, 1988, seeking a no-fault divorce. Mr. Turnbell filed a cross-bill alleging desertion. Evidence was taken by depositions on February 2, 1989. The case was submitted for decision on March 20, 1989. The parties agree that the sole question for determination is whether Mrs. Turnbell was justified in leaving the marital home on October 5, 1987.

Mrs. Turnbell moved out of the house on that date while Mr. Turnbell was at work. The two minor children and Mrs. Turnbell's mother accompanied her. She took various articles of furniture and personal effects. A week later, she sought and obtained custody and child support in the Spotsylvania County Juvenile and Domestic Relations District Court.

When a separation is by mutual consent or agreement, there is no desertion, *Wagner v. Wagner*, 4 Va. App. 397 (1987), but Mrs. Turnbell concedes that the separation is not by consent or agreement. She acknowledges that she departed without notice on October 5, 1987, but contends that she was justified in doing so because of the behavior of Mr. Turnbell.

The incidents which Mrs. Turnbell recite to justify her departure fall into three categories: (1) the family's financial difficulties and Mr. Turnbell's apparent indiffer-

ence to them; (2) Mr. Turnbell's lack of proper hygiene; and (3) the parties disagreements about Mrs. Turnbell's mother living there.

The evidence establishes that the Turnbell's telephone had been disconnected, the utility company was threatening to cut off the electricity, and the mortgage payments were in arrears. Mr. Turnbell says that the telephone bill was not paid because Mrs. Turnbell and her mother made too many long distance calls. He says that they were behind in the mortgage and utility payments because the family was in a "bind financially where our income was not as much as we could afford to pay out." Among these conflicting explanations for their financial difficulties, there is no evidence that Mr. Turnbell deliberately refused to provide for the family to the best of his ability, or that he hoarded his money or spent too much on other pursuits. Both parties worked regularly. Financial hardship, or an inability to make ends meet, without more, is not justification for a spouse's departure.

Turning to the matter of Mr. Turnbell's hygiene, the testimony indicates that his bathing habits were irregular toward the end of the marriage. He explains that he often came home late from his plumbing job, ate, went to bed, and was back on the road to work by 5:00 a.m. the next morning. Obviously, improper physical hygiene can be offensive and certainly does nothing to foster romantic relations. On the other hand, a court cannot hold that a construction worker's failure to take regular baths justifies his wife's leaving him.

Finally, the parties argued frequently about the presence of Mrs. Turnbell's mother in the home. She had lived with them for approximately three years and obviously was a source of controversy.

A party is guilty of desertion if he or she breaks off matrimonial cohabitation with intent to desert or abandon the other spouse, unless such conduct is justified. Once desertion is established, the duty of going forward with evidence of justification rests upon the one who claims the justification. *Breschel v. Breschel*, 221 Va. 208 (1980).

> A wife is free from legal fault in leaving her husband if she reasonably believes her

health is endangered by remaining in the household and she has unsuccessfully taken whatever reasonable measures might eliminate the danger without breaking off cohabitation. *Breschel, supra.*

For many years, Virginia adhered to the rule that one spouse is not justified in leaving the other unless the conduct of the other is sufficient to establish the foundation of judicial proceedings for a divorce. More recently, however, the rule has been relaxed. *See Seemann v. Seemann*, 233 Va. 290 (1987). Mrs. Turnbell does not assert a fault ground of divorce against Mr. Turnbell. Instead, she relies upon the "relaxed rule" to support her claim of justification for leaving.

In *Graham v. Graham*, 210 Va. 608 (1970), the court found justification for the wife's departure because of the husband's abuse, violent outbursts, destruction of furniture, physical assaults, and cursing, which accumulated to the point where the wife "feared for her life and was no longer physically or mentally able to stand it." Her association with her husband had been "rendered intolerable."

In *Seemann, supra*, the husband's violent acts made the wife fearful and required psychological assistance. In *Rowland v. Rowland*, 215 Va. 344 (1974), there were violent outbursts and the husband demanded that the wife "get out." In *Capps v. Capps*, 216 Va. 382 (1975), the husband engaged in physical abuse. In *Breschel, supra*, the wife, a victim of multiple sclerosis, was fearful for her physical well-being because of the conduct of her husband's son.

Here, there is no evidence of physical violence, destruction of furniture, demands to get out, fear, abuse, or the need for medical or psychological assistance. Rather, this case is another unfortunate example of unhappy marriages that gradually deteriorate to a point where the parties do not live together in peace and harmony. Under these circumstances, a spouse is not justified in leaving. *See Sprott v. Sprott*, 233 Va. 238 (1987). The law does not permit courts to sever marriage bonds and break up households merely because the husband and wife live unhappily together.

Mr. Turnbell deserves no award for contributions to marital bliss. Nevertheless, he is guilty of no misconduct which was a legally justifiable "provoking cause" of Mrs. Turnbell's departure.

There being no justification for Mrs. Turnbell's departure on October 5, 1987, Mr. Turnbell is entitled to a divorce on the ground of desertion as alleged in his cross-bill.