## CIRCUIT COURT OF THE CITY OF RICHMOND

Gladys A. Royer

v.

Richard F. Royer
and Tucker H. Hill,
Administrators c.t.a.
of the Estate of
Francis H. Royer,
deceased

September 16, 2004

Case No. CH03-1635

BY JUDGE T. J. MARKOW

The parties appeared in person and by counsel for the trial by the court on the issues joined in the bill of complaint and answer, and evidence was presented, and argument was heard.

Plaintiff and Defendants' decedent were married November 11, 2000. From the beginning, there was discord. Each party appears to have played a significant role in causing the discord.

Defendants' decedent filed a bill of complaint for an annulment on May 25, 2001. On numerous occasions he directed Plaintiff to leave the house. On June 10, 2001, three days after Plaintiff had obtained an apartment, she left the marital house never to return.

Defendants' decedent died February 28, 2002. Plaintiff claims the elective share of the augmented estate that is provided in Va. Code § 64.1-16. Defendants argue that Plaintiff deserted or abandoned the decedent and is barred from an elective share under Va. Code § 64.1-16.3.

In considering the testimony, uncorroborated evidence regarding the decedent's actions or statements is not a basis for any of the court's findings.

The issue before the court is whether Plaintiff's departure from the marital home was a desertion or abandonment contemplated in § 64.1-16.3.

The court has deliberated extensively on whether the terms "desert" and "abandon" have the same or different meanings. While the court believes where two different words are used, it must be presumed that the legislature meant they have different meanings, *see Klarfeld v. Salsbury*, 233 Va. 277, 284-85, 355 S.E.2d 319, 323 (1987); *Pneumo Abex Corp. v. Bessemer & Lake Erie RR.*, 921 F. Supp. 336, 345 (1996), the court has found no appellate court authority to support a distinction between these terms.

Courts have construed the phrase "willfully deserts or abandons" for almost a century and no court has distinguished the two. In fact, the Virginia Supreme Court construed this phrase in a similar context and had an opportunity to make a distinction; however, it did not. *See Rowand v. Rowand*, 215 Va. 344, 210 S.E.2d 149 (1974).

As the phrase "willfully desert[s] or abandon[s]" is the same as that found in Title 20 relating to the rights and responsibilities in divorce actions, the legislative intent is that the concepts relating to that phrase are applicable here.

Historically, under Title 20, the terms "desert" and "abandon" have been construed as synonymous. *See* Va. Code Ann. §§ 20-91 and 20-95 (Michie 2004). Under the title "Abandonment and Desertion" in Title 20 of the Virginia Code, "Abandonment and Desertion" has been defined: "first, of the actual breaking off of the matrimonial cohabitation, and second, of an intent to desert in the mind of the offender." Va. Code Ann. § 20-95 (Michie 2004); *see Petachenko v. Petachenko*, 232 Va. 296, 298-99, 350 S.E.2d 600, 602 (1986).

It is undisputed that there was a "breaking off of the matrimonial cohabitation" satisfying the first element. The question is whether there was an "intent to desert in the mind" of Plaintiff?

In a divorce action in which the husband told the wife to "get out," the court did not find a grounds for divorce based on desertion. *Rowand*, 215 Va. at 346, 210 S.E.2d at 150-51. Utilizing the rationale in *Rowand*, the court finds Plaintiff's leaving the home after being told by her husband to "get out" was not a desertion.

Additionally, the *Rowand* court held that "[a] wife forfeits her right to maintenance and support from her husband only if her misconduct constitutes grounds for divorce." *Id*. According to the *Rowand* case, Plaintiff, by leaving the home, did not give the decedent grounds for a divorce. *Id*. Utilizing that rationale, this court finds that Plaintiff did not forfeit her right to the augmented estate.

The court is of the opinion that Plaintiff did not "willfully desert or abandon" the decedent because he instructed her to leave. In a divorce action the plaintiff would not have forfeited her right to maintenance and support by leaving the home after instruction to do so; therefore, Plaintiff did not forfeit her right to the augmented estate under the same conditions.

478

The court finds that Plaintiff did not "willfully desert or abandon" the decedent and is entitled to a share of the augmented estate.

It is, therefore, ordered that judgment is awarded to the plaintiff, Gladys A. Royer, against the defendants, Richard F. Royer and Tucker H. Hill, administrators c.t.a. of the Estate of Francis H. Royer, deceased. Defendants are required to honor Plaintiff's claim for the elective share of the decedent's estate. Plaintiff is not awarded attorney's fees. The Clerk shall place this file among the ended causes.