**Norfolk**

JAMES D. WAGNER

v.

MARY H. T. WAGNER

No. 1157-85

MARY H. T. WAGNER

v.

JAMES D. WAGNER

No. 1176-85

Decided July 7, 1987

Counsel

Joseph L. Lyle, Jr. (Pickett, Lyle, Siegel, Drescher & Croshaw, P.C., on brief), for James Dennis Wagner.

Henry M. Schwan, for Mary H. T. Wagner.

OPINION

**KEENAN, J.** — Mary H. T. Wagner (wife) and James D. Wagner (husband) both appeal from a decree in which the trial court awarded the husband a divorce based on desertion, provided a monetary award to the wife pursuant to Code § 20-107.3, ordered partition and sale of the marital home, and set child support payments.

The husband raises five issues in his appeal: (1) whether the court erred in finding that an interest in a shopping center was the wife's separate property; (2) whether the court erred in ordering that the wife's interest in the husband's retirement benefits was payable immediately rather than when the husband begins to receive such benefits; (3) whether the court erred in valuing the husband's stock as of the date of the hearing instead of the date when the bill of complaint was filed; (4) whether the court erred in ordering partition and sale of the marital residence notwithstanding the husband's offer to pay the wife fifty percent of the fair market value; and (5) whether the court erred in failing to award the husband attorney's fees.[1]

In her appeal, the wife raises five issues: (1) whether the court erred in awarding the husband a divorce based on desertion; (2) whether the court abused its discretion in fixing the amount of child support; (3) whether the court erred in ordering partition and sale of the marital home notwithstanding the commissioner in chancery's recommendation that the wife be permitted to purchase the husband's interest in the home; (4) whether the trial court abused its discretion in setting the amount of the equitable distribution award at $41,000; and (5) whether the trial court erred in refusing to award the wife attorney's fees. Based on our review of the record, we find that the trial court erred both in the finding that the wife deserted the husband and in fashioning the marital award.

---

[1] In his brief, the husband also raised the issue whether the trial court erred in failing to consider the value of the wife's jewelry when setting the amount of the marital award. At oral argument, however, the husband conceded that the evidence was insufficient to sustain his position. Therefore, we do not give further consideration to this issue.

401

## I.

The wife left the marital home on January 25, 1983. There had been marital discord for a period of years prior to this event. The wife filed her bill of complaint for divorce on February 4, 1983, alleging that, because of the husband's conduct, she had been forced to leave the home for the preservation of her physical and emotional well-being. The husband denied this charge and filed a cross-bill in which he alleged that the wife had deserted him.

After hearing extensive evidence presented on behalf of both parties, the commissioner in chancery concluded that neither party had established a fault ground for divorce. With regard to the husband's claim of desertion, the commissioner found that the husband agreed to the wife's departure and suggested she leave immediately prior to her departure. The court rejected the commissioner's finding, stating:

As far as the divorce is concerned, I'm going to simply believe — and the Court must uphold the sanctity of marriage — and I don't believe there's sufficient reason, justification, for Mrs. Wagner to have left, at least none was shown in here, and I'm going to order that Mr. Wagner be awarded a divorce on the grounds of desertion.

The court awarded the wife custody of the parties' two minor children, aged thirteen and ten. The wife submitted a financial statement showing the needs of the children to be $836 per month.

The commissioner valued the marital home at $218,000, including a $60,000 deed of trust and a total equity of $158,000. He noted that the wife had offered to purchase the husband's share of $79,000 and recommended that this offer be accepted. The husband, however, had also offered to pay the wife fifty percent of the equity in the home based on the property's fair market value. The court did not accept the commissioner's recommendation that the wife be allowed to purchase the husband's interest. It concluded that because both parties had made offers and no agreement had been reached, the house should be partitioned and sold.

The court made a monetary award to the wife of $41,000. This amount was based on the commissioner's recommendation that the wife be awarded twenty-five percent of the husband's vested

retirement benefits, including his stock in his employer's company. The court also approved the commissioner's recommendation that the wife's five percent interest in a shopping center, valued at $225,000, was her separate property.

The commissioner found that the present value of the husband's retirement benefits was $9,000. He did not find a present value of the stock which was primarily part of the retirement plan. The court valued the 4,800 shares at $31 per share. The valuation was based on testimony presented at the commissioner's hearing concerning the value of the stock on the date of the hearing. In making its computation, the court subtracted a $31,946 debt associated with the stock.

The evidence taken before the commissioner also showed that the stock had risen in value approximately $2 per share since 1983 when the bill of complaint was filed. The court used the higher figure of $31 per share in computing the amount of the wife's award. Further, in making the award, the court apparently considered the husband's individual retirement account, certificates of deposit, and other personal property.

Also pursuant to its charge under Code § 20-107.3, the court determined that the five percent interest in a shopping center, which the wife had acquired from her father, was her separate property. Documents introduced at the hearing indicated that the acquisition was not a gift to her; however, her father eventually forgave the debt incurred to purchase the property. The wife's father testified that in accordance with a plan to reduce the size of his taxable estate, he gave each of his children an option to acquire an interest in the shopping center. Each of the children exercised this option and signed and delivered notes to their father for the full purchase price. The father forgave payment of each note by filing gift tax returns on these transactions. The commissioner concluded that, based on the evidence as a whole, the acquisition of the interest in the shopping center was a gift from a source other than the husband, and therefore, separate property as defined in Code § 20-107.3(A)(1)(ii). This finding was affirmed by the court in its final decree.

The commissioner also found that the wife's jewelry was separate property, since she had received it as gifts from sources other than the husband. The court upheld the commissioner's finding.

The commissioner further recommended that the husband contribute $2,000 toward the wife's attorney's fees. The court, however, did not accept this recommendation, and ruled that the parties were responsible for their own attorney's fees.

## II.

The husband first argues that the trial court erred in finding that the interest in the shopping center was the wife's separate property. He states that under former Code § 20-107.3, in effect at the time of the court's decree, all property acquired during the marriage and prior to the filing of a bill of complaint, is presumed to be marital property. The husband argues that in this case the wife presented insufficient evidence to overcome that presumption.[2] The husband further argues that the evidence showed that on October 1, 1976, the date the wife acquired this interest, she purchased her share with funds she had borrowed from her father one month earlier. The husband contends that the transaction was therefore a purchase rather than a gift, and the fact that her father forgave the note in December 1976 is irrelevant.

The wife responds that the property was not "acquired" when she obtained title to it in October 1976, but rather when it was paid for in December 1976. The wife further argues that because the source of funds used to acquire the property was the note she executed to her father, which was later forgiven as a gift to her, the property should be characterized as separate.[3] We disagree.

---

[2] Former Code § 20-107.3(A)(2)(ii) provided in part: "All property including that portion of pensions, profit-sharing or retirement plans of whatever nature, acquired by either spouse during the marriage, before the filing of a bill of complaint stating a ground for divorce, is presumed to be marital property."

We note that in 1986 Code § 20-107.3(A)(2)(ii) was again amended. It redefined the time span that the marital property presumption applies, but did not alter the fact of the presumption:

"All property including that portion of pensions, profit sharing or retirement plans of whatever nature, acquired by either spouse during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent, is presumed to be marital property in the absence of satisfactory evidence that it is separate property."

[3] Code § 20-107.3(A)(1)(ii) provides, in pertinent part, that separate property is "all property acquired during the marriage by . . . gift from a source other than the other party . . . provided that such property . . . is maintained as separate property."

■ The character of property classified pursuant to Code § 20-107.3(A) is initially ascertained as of the date that it is acquired. Although separate property, by the manner in which it is maintained, may be commuted into marital property, marital property, in the absence of a valid, express agreement by the parties, cannot become the separate property of one of the parties.

Under the facts presented here, the wife executed a purchase option on October 1, 1976, by payment of funds in the amount of $6,420. The fact that her father later forgave the note executed to secure these funds did not alter the character of the property on October 1, 1976, the date it was acquired. Furthermore, we note that had the wife's father died prior to forgiving the note in December 1976, the wife would have been liable on the note to her father's estate. This fact also mandates the conclusion that the property, on the date it was acquired, was not a gift qualifying as the separate property of the wife under Code § 20-107.3(A)(1).

■ In reaching this conclusion, we recognize that findings of fact made by a commissioner in chancery should be sustained unless they are not supported by the evidence. Code § 8.01-610; *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984). In the case before us, however, the commissioner's finding that the interest in the shopping center was a gift to the wife, and therefore her separate property, is not supported by the evidence and cannot be sustained. Therefore, we find that the trial court erred when it held that the shopping center interest was the wife's separate property, rather than the marital property of the parties. Code § 20-107.3(A)(2)(ii).

The husband next argues that the trial court erred when it ordered that the wife's monetary award, derived from the husband's vested retirement and stock benefits, was immediately due and payable. He contends that this ruling violated former Code § 20-107.3(G), which, at the time the bill of complaint was filed, provided:

No part of any monetary award based upon the value of pension or retirement benefits, whether vested or nonvested, shall become effective until the party against whom such award is made actually begins to receive such benefits. No such award shall exceed fifty percent of the cash benefits actually received by the party against whom such award is made.

The commissioner found that the stock plan provided by the husband's company was "primarily a retirement tool." The evidence showed that the stock and retirement benefits provided the husband would normally not be liquidated until he had been employed by his company for an additional twenty years. The stock had no public value. The retirement benefits were valued at $9,000. These benefits, however, are only payable to him on retirement or termination from his present employment.

While the wife objected to the award recommended by the commissioner based on these benefits, she did not except to the commissioner's finding that the stock plan was primarily a retirement benefit. Because the wife did not except to this finding which was adopted by the court, we consider the stock as part of the husband's retirement package. *Dukelow v. Dukelow*, 2 Va. App. 21, 24, 341 S.E.2d 208, 210 (1986).

■ Code § 20-107.3(G) provided that an award based on retirement benefits would not "become effective until the party against whom such award is made actually begins to receive such benefits." That portion of any monetary award based on retirement benefits could not be ordered payable until such time as those benefits were payable to the recipient party. Under the facts presented here, however, the retirement benefits are not payable to the husband for so long as he remains in his present employment. Therefore, because these benefits were not presently payable to the husband at the time of the court's decree, we find that the court erred in ordering that the monetary award based on these benefits "be now payable" by the husband to the wife.

The husband next argues that the trial court erred in valuing the husband's stock as of the date of the evidentiary hearing ($31 per share), as opposed to its value on the date that the bill of complaint was filed ($29.05 per share). The wife argues in response that the date of the hearing was the appropriate date for fixing the value of the stock because the monetary award should be based on the circumstances of the parties at the time of the award. Both parties concede that the date for fixing valuation of marital property is not specified in Code § 20-107.3.

■ This issue was addressed by a panel of this court in *Mitchell v. Mitchell*, 4 Va. App. 113, 355 S.E.2d 18 (1987). There, the court held:

> [F]or the purposes of making a monetary award a trial court should determine the value of the parties' assets as of a date as near as practicable to the date of trial; except that, the trial court in its decree may value all or any part of the assets as of a date after the separation of the parties if necessary to arrive at an award more consistent with the factors enumerated in Code § 20-107.3.

*Id.* at 118, 355 S.E.2d at 21.

Applying this standard to the facts presented before us, we find that the trial court did not abuse its discretion in selecting the date of the evidentiary hearing for valuing the stock at issue. During the separation of the parties, neither party had impaired or taken any action otherwise affecting the value of this item of marital property. Further, there were no peculiar facts or circumstances presented to the trial court which suggested that an unfair result would be reached from use of the date of the evidentiary hearing. Therefore, we find that the trial court did not err in valuing the stock as of the date of the evidentiary hearing in this matter.

We next review both parties' contention that the trial court erred in refusing to order the purchase of the equity interest of the other in the marital home. The commissioner valued the marital home at $218,000. There is a $60,000 deed of trust on the property, leaving a total equity of approximately $158,000. The commissioner recommended that the wife be allowed to purchase the husband's share of the equity for $79,000. The husband also requested that he be permitted to purchase the wife's interest in the home. The court did not accept either the commissioner's recommendation or the husband's offer, stating that unless the parties were able to reach an agreement, the house would be partitioned and sold.

We find that the trial court acted properly in ordering the partition and sale of the marital residence. The parties could not reach an agreed disposition. Had the trial court given one party the right to purchase the other party's share, the effect would have been to order a transfer in title of jointly owned property. This is not authorized by Code § 20-107.3. *Morris v. Morris*, 3 Va. App. 303, 309, 349 S.E.2d 661, 664 (1986). As this court stated in *Morris*:

Code § 20-107.3 does not affect the legal interest each owner has in jointly owned property. Property owned jointly by both parties to a marriage is marital property, Code § 20-107.3(A)(2)(i), and for the purposes of determining a monetary award both parties to a marriage are deemed to have certain rights and interests in marital property. Code § 20-107.3(B). However, these rights and interests do "not attach to the legal title of such property and are only to be used as a consideration in determining a monetary award. . . ." Code § 20-107.3(B).

*Id.* at 310, 349 S.E.2d at 665. Therefore, under Code § 20-107.3, only the voluntary conveyance by a party, subject to the approval of the court, can effect a transfer of title to jointly-owned property. Because there was no offer of voluntary conveyance made by either party in this case, the trial court was correct in ordering the partition and sale of the marital home.

### III.

The wife first argues that the trial court erred in granting the husband a divorce on the ground of desertion. The commissioner recommended a divorce based on the one year separation of the parties, finding that neither party had established a fault ground of divorce. At the commissioner's hearing, the wife testified that among other reasons, she left the marital home because the husband had discontinued sexual relations with her. According to the wife, the husband refused to obtain counseling to address this problem. The wife further testified that her husband's actions caused her great emotional distress, and that when she related these feelings to him in January 1983, he stated that if she did not like their relationship, she could go to live with her father. The wife left the marital residence with the children on January 25, 1983.

The husband testified that throughout the marriage, the parties had sexual problems and that the wife was frigid. He further testified that he had not wanted his wife to leave, and that he had refused her earlier request for a temporary separation. In order to support his claim of desertion, the husband primarily relied on the fact of the wife's departure, and his allegation that she did so without justification. Based upon the testimony taken before him,

the commissioner concluded:

> [T]he evidence, from the viewpoint of your commissioner, establishes that the defendant was satisfied to have his wife leave, having suggested her departure on the January day in 1983.

■ On appeal, we review the commissioner's finding in accordance with well-established principles set forth in *Hill v. Hill*, 227 Va. 569, 318 S.E.2d 292 (1984). There, the court stated:

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence. [W]here the chancellor has disapproved the commissioner's findings, [the appellate court] must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand.

*Id.* at 576-77, 318 S.E.2d at 296-97 (citations omitted); *see also Hodges v. Hodges*, 2 Va. App. 508, 514, 347 S.E.2d 134, 137-38 (1986).

The record reflects that the commissioner heard the testimony of numerous witnesses. This testimony was taken on five separate days. After hearing and observing all of the witnesses, the commissioner found as a matter of fact that the husband had ceased sexual relations with the wife. The commissioner further found that the husband promised to try to improve the marital relationship, but that the marriage continued to deteriorate to the point that the husband was satisfied to have the wife leave. These factual findings are supported by evidence in the record. The wife testified that in January 1983, the husband suggested that she leave if she was dissatisfied with the marital relationship. The commissioner apparently found the wife's testimony in this regard

more credible than the husband's. Because the commissioner had an opportunity to hear and observe both parties over an extended period of time, we accord his finding substantial weight. Further, based on our review of the record, we find that there was insufficient evidence to support the trial court's disapproval of the commissioner's findings of fact.

■ Since the wife established that the husband agreed to her departure from the marital home, the husband was not entitled to a divorce on the ground of desertion. In *Arrington v. Arrington*, 196 Va. 86, 82 S.E.2d 548 (1954), the Supreme Court stated:

> When a separation of husband and wife is by agreement or where the husband assents to, or acquiesces in, the wife's separation from him, he cannot maintain a suit for divorce on the ground of desertion. A separation by mutual consent does not amount to desertion or abandonment in the law.

*Id.* at 91, 82 S.E.2d at 551 (citations omitted); *see Smith v. Smith*, 202 Va. 104, 109, 116 S.E.2d 110, 113 (1960). We therefore hold that the trial court erred when it found that the husband was entitled to a divorce on the ground of desertion.

The wife next argues that the trial court abused its discretion in setting child support at $450 per month for the two children. She further argues that the court failed to consider the eight factors listed in Code § 20-107.2(2) when it set the amount of child support.[4] In support of this argument, she cites the court's failure to

---

[4] Code § 20-107.2(2) provides: The court, in determining the amount of support of a child or children to whom a duty of support is owed pursuant to § 20-61, shall consider the following:

a. The age and physical and mental condition of the child or children;

b. The independent financial resources, if any, of the child or children;

c. The standard of living for the family established during the marriage;

d. The earning capacity, obligations and needs, and financial resources of each parent;

e. The education and training of the parties and the ability and opportunity of the parties to secure such education and training;

f. The contributions, monetary and nonmonetary, of each party to the well-being of the family;

state in its decree any factors considered in fixing the amount of child support.

The wife testified that the children's needs totaled $836 monthly. The evidence before the commissioner included matters relevant to all of the statutory factors set forth in Code § 20-107.2(2). The trial court did not specify what weight it gave to each factor; however, it was not required to do so. In *Woolley v. Woolley*, 3 Va. App. 337, 349 S.E.2d 422 (1986), a case involving an award of spousal support, this court stated:

> The requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors. This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented.

*Id.* at 345, 349 S.E.2d at 426. Although the court in *Woolley* was reviewing an award of spousal support made pursuant to Code § 20-107.1, we believe that the reasoning it employed applies with equal force to awards of child support made under Code § 20-107.2(2). Therefore, we hold that in a determination of child support, if the court's findings are not supported by evidence in the record, the court has abused its discretion.

In the case before us, however, we do not reach the issue whether there is evidence in the record to support the trial court's award of child support. Because of our holding that the husband was not entitled to a divorce on the ground of desertion, on remand of this cause the wife will be entitled to request spousal support. In addition, for the reasons stated earlier in this opinion, the monetary award will have to be reevaluated by the court. Both the income of the parties and the provisions of the monetary award are factors for the court's consideration in making an award of child support pursuant to Code § 20-107.2(2). There-

g. The provisions made with regard to the marital property under § 20-107.3; and

h. Such other factors, including tax consequences to each party, as are necessary to consider the equities for the parents and children.

fore, the appropriate amount of child support can only be determined after these issues are resolved.

The wife next argues that the trial court abused its discretion in fixing the amount of the monetary award at $41,000. This amount, however, was determined after the trial court erroneously found that the shopping center interest was the wife's separate property, and erred both in its method of valuing the husband's stock, and in ordering that the wife's interest in the husband's retirement benefits was immediately payable. As this court has stated in *Rexrode v. Rexrode*, 1 Va. App. 385, 392-93, 339 S.E.2d 544, 548-49 (1985), the factors which must be considered by the trial court in constructing a monetary award are interrelated. Therefore, when the trial court has erred in fashioning certain aspects of the monetary award, on remand it must reevaluate the entire award. For this reason, we do not address whether the trial court abused its discretion in fixing the monetary award at $41,000.

Finally, both parties argue that the trial court erred in failing to require the other party to pay a portion of their attorney's fees. An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case. *See Rowand v. Rowand*, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974). Since the issues of spousal and child support, as well as the monetary award, must be reconsidered on remand of this cause, we do not express an opinion on the trial court's failure to award either party attorney's fees in this case, and remand this issue to the trial court for its further consideration after addressing the matters set forth above.

In summary, therefore, we find that the trial court erred in awarding the husband a divorce based on desertion; that it erred in finding that the interest in the shopping center was the wife's separate property; that it erred in ordering that the wife's interest in the husband's retirement benefits was payable immediately; and that it did not err in valuing the husband's stock as of the date of the evidentiary hearing. Further, we find no error in the trial court's order that the marital home be partitioned and sold. Accordingly, we remand the issues of the monetary award, spousal and child support, and attorney's fees to the trial court for reeval-

uation consistent with the rulings expressed in this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C. J., concurred.

Baker, J., concurring in part and dissenting in part.

Insofar as the opinion of the majority holds that the trial court erred concerning the retirement benefits and whether wife was guilty of desertion, I concur with its holding. I also agree that the trial court did not err in ordering the jointly owned realty sold rather than selecting one party to be the purchaser from the other. I further agree that in light of this opinion the trial court should be required to reevaluate spousal and child support, attorney's fees, and the $41,000 monetary award.

I do not agree that the judgment of the trial court was errone-ous in determining that wife's interest in the shopping center was separate property. Wife's father testified that the purchase option method was used to transfer the property in order to gain a tax advantage in completing a gift. He forgave wife's note and filed a gift tax return on the transaction. Ascribing a certain name to a transaction does not itself define the character of the transaction as a matter of law. Hanging a sign on a horse which says, "this is a cow," will not convert the horse to a cow. It will still be a horse. The commissioner who heard and saw the witnesses testify, and who evaluated their testimony, concluded that the transaction, although initially labeled a purchase, was in fact a gift. The trial judge reviewed the record and approved the commissioner's finding. On appeal, a decree that approves a commissioner's report will be affirmed unless plainly wrong. *Sprott v. Sprott,* 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987). If believed, as he obviously was by the commissioner and the trial court, wife's father devised a multi-step method of making a gift of the 5 percent interest in the shopping center to wife. *See* Code § 20-107.3(A)(1)(ii). The finding of the trial court that this was separate property is supported by credible evidence and I would affirm its judgment on this issue. Code § 8.01-680.

Further, I do not agree with the majority's conclusion concerning the valuation date of husband's stock. I am not aware of any

statute, and none has been called to our attention, which evinces a legislative intent that valuation of the marital property should be made on any date other than the date on which the marital property is classified. While I agree that there may be practical reasons for using a different valuation date, the setting of such a date is a matter of legislative concern.[5] Simply because a law fails to provide an answer or conclusion desired by this Court we are not authorized to disregard the law as written and construct our own view of how the law might better operate. It is the function of the legislature, not this Court, to articulate public policy and procedure, subject only to the limits of the constitutions. In the absence of valid constitutional objection, this Court must apply the law as written. I would find that under the statute existing when this divorce suit was filed the marital property and its value should be determined as of the date of the filing of the bill of complaint, and to the extent that this finding conflicts with the finding of the majority I respectfully dissent.

---

[5] *See* the 1986 Amendment changing the date on which marital property is classified. Code § 20-107.3(A)(2).