COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Powell and Senior Judge Willis
Argued at Alexandria, Virginia


AMARQUAYE ARMAR
                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2202-10-4                        JUDGE CLEO E. POWELL
                                                                JUNE 28, 2011
ADENA F. ARMAR


                  FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              Benjamin N. A. Kendrick, Judge

           Alan B. Soschin for appellant.

           No brief or argument for appellee.


           Amarquaye Armar ("husband") appeals the final order entered by the Circuit Court of

Arlington County.  On appeal, husband argues that the trial court erred by imputing income to

him and by finding that he had a $250,000 tax-free job that he voluntarily relinquished.  Husband

further contends that the trial court erred in the amount of spousal support that it ordered and by

finding that the parties lived an "incredibly well or good lifestyle spending hundreds of

thousands of dollars."  Finally, husband asserts that the trial court erred in ordering husband to

pay for the expert witness that Adena F. Armar ("wife") hired because the expert did not present

credible evidence upon which the trial court could make a finding of husband's employability.

For the reasons that follow, we affirm.

_____

           [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

Husband and wife were married in Rockville, Maryland on August 8, 1988.  The parties have two children over eighteen years old.  Husband and wife have lived separate and apart since August 1, 2007.

A hearing on contested matters was held on September 2, 2010.  At that hearing, wife called H. Gray Broughton, a vocational rehabilitation counselor, as an expert.  Broughton testified that husband, who at the time of the trial was 55 years old, retired early even though he could have continued working until he was 62 years old.  As to husband's ability to work, Broughton testified that husband is a highly skilled and marketable individual who is employable despite needing to secure a work visa to do so.[1]  Broughton also testified that husband could have remained at the World Bank for another seven years but chose to retire.  Further, husband stipulated that as of November 4, 2009, his net income was $193,000 and his gross income would be between $245,000 and $255,000.

Wife testified that she paid $5,800 to hire Broughton as an expert witness.  Counsel for wife also entered worksheets showing wife's monthly expenses and what she was requesting in spousal support.

The final divorce decree was entered on September 17, 2010.  In it, the trial court accepted the testimony of Broughton and imputed $250,000 annually in income to husband.  The trial court further awarded wife $7,182 per month in spousal support.  Finally, the trial court ordered husband to pay wife $5,800 for the expenses she incurred in retaining Broughton.  The husband noted his objections, and this appeal follows.

---

[1] Broughton testified that it might take husband six months to one year to find suitable employment.

## II.  ANALYSIS

### A.  Imputed Income

Husband first argues that the trial court erred in imputing income to him based on its finding that he was employable.  He further asserts that the trial court erred in finding that he voluntarily relinquished his position at the World Bank where he made $250,000 annually.

> "Under familiar principles we view [the] evidence in the light most favorable to the prevailing party below.  Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Hatloy v. Hatloy, 41 Va. App. 667, 671-72, 588 S.E.2d 389, 391 (2003) (quoting Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988)).  "'[A] trial court may impute income based on evidence of recent past earnings.'"  Stubblebine v. Stubblebine, 22 Va. App. 703, 709, 473 S.E.2d 72, 74-75 (1996) (quoting Brody v. Brody, 16 Va. App. 647, 651, 432 S.E.2d 20, 22 (1993)).

Here, the evidence showed that husband retired seven years early from a job at which he made $250,000 annually.  Also, wife's vocational expert testified that based on husband's impressive qualifications, he would be able to find employment at the level at which he had been working if he sought such employment and obtained a visa from the country in which he obtained work.  The trial court specifically stated that it found wife's expert credible and accepted Broughton's testimony.  Wife also introduced a letter from husband's former employer, World Bank, which indicated that his gross income was estimated as being between $245,000 and $255,000.  Moreover, husband stipulated to such.  From this, the evidence is sufficient for the trial court to have imputed income to husband in the amount that it did.

B.  Spousal Support

Husband next contends that the trial court's spousal support award is arbitrary and not based upon the evidence.

> "Whether and how much spousal support will be awarded is a matter of discretion for the trial court."  Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998).  "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion.  We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'"  Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002).

Here, wife introduced worksheets showing her monthly expenses and the suggested spousal guidelines for her area and nearby areas.  Specifically, wife presented evidence that her monthly expenses were $6,491.  During the marriage, wife, who was 47 years old at the time of the trial, was not employed outside the home.  Instead, she was responsible for raising the children, one of whom suffered from a chronic illness, and maintaining the stability of the household while husband traveled for work.  In the written divorce decree, the trial court stated that it considered all of the statutory factors in reaching this award.  Based on this record, it cannot be said that this award is plainly wrong or without evidence to support it.

C.  Trial Court's Factual Finding that the Parties "Lived an 'Incredibly Well or Good Lifestyle Spending Hundreds of Thousands of Dollars'"

Husband also asserts that the trial court erred in making a factual finding that the parties "lived an 'incredibly well or good lifestyle spending hundreds of thousands of dollars.'"

Although the record lacks direct evidence to support this statement, it is well settled that

> "[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977);

> Craddock v. Commonwealth, 40 Va. App. 539, 547, 580 S.E.2d
> 454, 458 (2003). This means the "judge is presumed to know the
> law and to apply it correctly in each case." Crest v.
> Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3
> (2003).
>
> Only "clear evidence to the contrary in the record,"
> Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d
> 906, 909 (2002) (citation omitted), suffices to rebut the
> presumption. In reviewing the record, therefore, we will not "fix
> upon isolated statements of the trial judge taken out of the full
> context in which they were made, and use them as a predicate for
> holding the law has been misapplied." Bullock v. Commonwealth,
> 48 Va. App. 359, 368, 631 S.E.2d 334, 339-40 (2006) (citation
> omitted). And a "trial court's remark is not, in and of itself, the
> full context simply because it represents the only point at which
> the court expressly addressed the issue in dispute." Parker v.
> Commonwealth, 41 Va. App. 643, 656-57, 587 S.E.2d 749, 755
> (2003) (citations, internal brackets, and quotation marks omitted).

Groves v. Commonwealth, 50 Va. App. 57, 61-62, 646 S.E.2d 28, 30-31 (2007).

Here, the trial court received evidence as to the wife's spousal support needs and set

spousal support after considering all of the statutory factors, her historical earnings, and

husband's ability to pay. Based on this, it cannot be said that there is clear evidence in the record

that the trial court's isolated statement that the parties "lived an 'incredibly well or good lifestyle

spending hundreds of thousands of dollars'" affected the spousal support award.

### D. Award for Wife's Expert Witness Expense

Finally, husband contends that the trial court erred in ordering him to pay for wife's

expert witness because the witness failed to present credible evidence from which the trial court

could find that husband was employable.

> "An award of attorney's fees to a party in a divorce suit is a matter
> for the exercise of the trial court's sound discretion after
> consideration of the circumstances and equities of the entire case."
> Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989)
> (citing Wagner v. Wagner, 4 Va. App. 397, 411, 358 S.E.2d 407,
> 414 (1987)). We will reverse the trial court's decision whether to
> award attorney's fees to a party only where the record shows a

clear abuse of discretion.  See Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976).

West v. West, 53 Va. App. 125, 136, 669 S.E.2d 380, 396 (2008).

Here, the trial court specifically stated in the written final divorce decree that it relied upon the testimony from wife's expert in imputing income to husband.  That expert testified at length about husband's employability.  Husband presented no expert to challenge such testimony.  Therefore, there was ample evidence provided from wife's expert upon which the trial court could rely in determining husband's employability and it cannot be said that ordering husband to pay this expense was an abuse of discretion.

### III.  CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.